UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| ISAAC C. GARNER,<br><br>    Petitioner,<br><br>    v.<br><br>UNITED STATES OF AMERICA,<br><br>    Respondent. | <br><br><br><br>Civil No. 16-cv-406-JPG<br><br>Criminal No 08-cr-30210-JPG |

## MEMORANDUM AND ORDER

This matter comes before the Court on petitioner Isaac C. Garner's amended sealed motion to vacate, set aside or correct his sentence pursuant to 28 U.S.C. § 2255 (Doc. 4). The petitioner has also filed a motion for bond pending resolution of his amended § 2255 motion (Doc. 5).

On January 8, 2009, the petitioner pled guilty to one count of distribution of crack cocaine in violation of 21 U.S.C. § 841(a)(1). At the petitioner's sentencing on April 9, 2009, the Court found that the petitioner was a career offender based on one prior conviction for a drug crime (distribution of crack cocaine) and one prior conviction for a crime of violence (aggravated battery). *See* United States Sentencing Guidelines Manual ("U.S.S.G.") § 4B1.1 (2008). The Court sentenced the petitioner to serve 204 months in prison. The petitioner did not appeal his sentence.

On April 12, 2016, the petitioner filed a *pro se* § 2255 motion (Doc. 1). The Court appointed him counsel, and on November 7, 2016, counsel filed an amended § 2255 motion under seal (Doc. 4). In the amended motion, the petitioner raises the following claim:

- The petitioner's due process rights were violated by application of the residual clause of the career offender guideline, U.S.S.G. § 4B1.2(a)(2), to find his prior conviction for aggravated battery was a "crime of violence" supporting career offender status. *See United States v. Hurlburt*, 835 F.3d 715, 725 (7th Cir. 2016) (*en banc*; holding on direct appeal that application of career offender residual clause was due process violation because

it was unconstitutionally vague).

Pursuant to Rule 4(b) of the Rules Governing Section 2255 Proceedings for the United States District Courts, the Court has performed a preliminary review of the amended § 2255 motion and has determined that it is not plain from the motion and the record of the prior proceedings that the petitioner is not entitled to relief.   Accordingly, the Court **ORDERS** the Government to file a response to the petitioner's amended § 2255 motion (Doc. 4) and motion for bond (Doc. 5) within **SIXTY DAYS** of the date this order is entered.   The Government shall, as part of its response, attach all relevant portions of the record in the underlying criminal case.   The petitioner shall have **THIRTY DAYS** from the filing of the Government's response to file a reply.

**IT IS SO ORDERED.**
**DATED: November 8, 2016**

                                                s/ J. Phil Gilbert
                                                **J. PHIL GILBERT**
                                                **DISTRICT JUDGE**